**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| FATIMA PSATHAS, *Plaintiff*, -v- TIMOTHY FITZGERALD and MACHINE & WELDING SUPPLY COMPANY d/b/a ARC3 GASES, *Defendants*. | Civil Case No.: **COMPLAINT** (Jury Trial Demanded) |

Plaintiff, by and through undersigned counsel, alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of the State of South Carolina.

2. Defendant Timothy Fitzgerald ("Fitzgerald") is a citizen and resident of the State of North Carolina.

3. Defendant Machine & Welding Supply Company d/b/a ARC3 Gases ("ARC3") is a citizen and resident of the State of North Carolina. At all times material to this action, ARC3 was doing business as ARC3, USDOT number 108607, and was in the business of hauling general freight and liquid gases.

4. On the day of the subject crash, ARC3 was a federally-regulated motor carrier subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 350–399.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Myrtle Beach, South Carolina, within the Florence Division of this Court.

## FACTUAL ALLEGATIONS

7. On May 20, 2025, Plaintiff was lawfully operating a passenger motor vehicle eastbound on Carolina Forest Boulevard in Myrtle Beach, South Carolina.

8. At all material times, Fitzgerald was operating a commercial vehicle owned, leased, maintained, controlled, and/or dispatched by ARC3.

9. Fitzgerald, who was also driving east on Carolina Forest Boulevard, improperly changed lanes and crashed into Plaintiff.

10. Plaintiff had no reasonable opportunity to avoid the collision, which was caused solely by Fitzgerald's unsafe and unlawful maneuver.

11. As a direct and proximate result of the collision, Plaintiff sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

12. Fitzgerald knew or should have known that improper lane changing by commercial drivers present a high probability of severe injury or death and failed to implement, enforce, or supervise basic safety rules, including compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs").

## FIRST CAUSE OF ACTION

(Negligence Against Defendant Fitzgerald)

13. Plaintiff adopts and realleges the preceding paragraphs.

14. Fitzgerald owed Plaintiff a duty to operate his commercial motor vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

15. Fitzgerald breached that duty by, among other things:

    a. Improperly changing lanes is an unsafe and prohibited maneuver;
    b. Failing to yield the right-of-way to Plaintiff's vehicle;
    c. Failing to maintain a proper lookout;
    d. Failing to account for the known limitations of his commercial vehicle;
    e. Operating the vehicle carelessly and recklessly.

16. As a direct and proximate result of Fitzgerald's negligence, Plaintiff sustained the injuries and damages described below.

## SECOND CAUSE OF ACTION

(Negligence *Per Se* Against Defendant Fitzgerald)

17. Plaintiff adopts and realleges the preceding paragraphs.

18. Fitzgerald violated applicable South Carolina traffic statutes governing lane changing and right-of-way.

19. Fitzgerald further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

20. These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

21. Fitzgerald's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

22. ARC3 is vicariously liable for the negligence *per se* of its employee and agent, Fitzgerald.

## THIRD CAUSE OF ACTION

(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant Fitzgerald)

23. Plaintiff adopts and realleges the preceding paragraphs.

24. In addition to the foregoing acts of negligence and negligence *per se*, Fitzgerald's conduct constituted recklessness, willfulness, and wantonness.

25. Fitzgerald knowingly changed lanes improperly that posed an extreme and obvious risk to the public.

26. Fitzgerald's conduct demonstrated a conscious disregard for the safety of others.

27. Plaintiff is entitled to punitive damages pursuant to South Carolina law.

28. ARC3 is vicariously liable for the reckless, willful, and wanton conduct of its employee and agent, Fitzgerald.

29. As a direct and proximate result of Fitzgerald's reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION

(Vicarious Liability, Respondeat Superior Against Defendant ARC3)

30. Plaintiff adopts and realleges the preceding paragraphs.

31. Fitzgerald was acting within the course and scope of his agency or employment with ARC3 at all relevant times.

32. ARC3 is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, Fitzgerald.

## FIFTH CAUSE OF ACTION

(Negligent Hiring, Training, Supervision, And Retention Against Defendant ARC3)

33. Plaintiff adopts and realleges the preceding paragraphs.

34. ARC3 owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including Fitzgerald.

35. ARC3 breached these duties by hiring and retaining Fitzgerald despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

36. ARC3 further breached that duty by failing to ensure Fitzgerald was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including improper lane change.

37. ARC3 also failed to adequately supervise and monitor Fitzgerald's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

38. Plaintiff is entitled to recover actual and punitive damages against ARC3 for its direct negligence.

## SIXTH CAUSE OF ACTION

(Negligent Entrustment Against Defendant ARC3)

39. Plaintiff adopts and realleges the preceding paragraphs.

40. ARC3 entrusted Fitzgerald with a tractor-trailer despite knowing or having reason to know he posed an unreasonable risk of harm to others.

41. Plaintiff is entitled to recover actual and punitive damages against ARC3 for its direct negligence.

## SEVENTH CAUSE OF ACTION

(Negligent Maintenance, Policies, and Safety Management Against Defendant ARC3)

42. Plaintiff adopts and realleges the preceding paragraphs.

43. ARC3 failed to implement and enforce adequate safety policies governing route planning, turning maneuvers, and urban driving.

44. ARC3 violated its duties under 49 C.F.R. § 390.3(e) and related FMCSRs.

45. Plaintiff is entitled to recover actual and punitive damages against ARC3 for its direct negligence.

## DAMAGES

46. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

    a. Past and future medical expenses;
    b. Past and future pain and suffering;
    c. Mental anguish and emotional distress;
    d. Loss of enjoyment of life and impairment;

      e. Permanent injury, permanent scarring and disability;
      f. Lost wages and loss of earning capacity;
      g. Household services and other out-of-pocket expenses;
      h. Pre- and post-judgment interest as allowed by law; and

47. Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*

JAMES G. BIGGART II, ESQ.
South Carolina Bar No. 106477
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

January 30, 2026
Charleston, South Carolina